UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RANDAL RITCHIE,

        Plaintiff,

v

COLDWATER COMMUNITY SCHOOLS,
COLDWATER COMMUNITY SCHOOL
BOARD, SCHOOL BOARD MEMBERS
ROBIN IVESON, JEAN MILNES, WILLIAM
RODGERS (former), RONALD SMITH
(former), RICK GATES, EDWARD LAKE,
JAMES HISCOCK, CLAIR DEAN, NICHOLAS
KRZEMINSKI, SUPERINTENDENT OF
SCHOOLS TINA KERR, DAVID DISLER, and
PROFESSIONAL EDUCATION SERVICES
GROUP, LLC,

        Defendants.

Case No. 1:11-cv-530

Honorable: Gordon J. Quist

---

Terry E. Heiss (P36687)
ADA LEGAL GROUP
Attorneys for Plaintiff
6440 Fulton Street East, #201
Ada, MI 49301
(616) 676-3850

William Vogelzang, Jr. (P29231)
Duncan A. McMillan (P29136)
Mark T. Ostrowski (P49761)
KLUCZYNSKI, GIRTZ & VOGELZANG
Attorneys for Defendants Coldwater Comm.
Schools, Coldwater School Board and Board
Member Iveson, Superintendent Kerr and Disler
648 Monroe Avenue, NW, Suite 400
Grand Rapids, MI 49503
(616) 459-0556

---

## DEFENDANT, SUPERINTENDENT TINA KERR'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS DIRECTED TO DEFENDANTS

        NOW COMES the Defendant, Superintendent Tina Kerr, by and through her

attorneys, Kluczynski, Girtz & Vogelzang, and gives the following responses to Plaintiff's

First Request for Admissions dated August 31, 2012.

        Plaintiff's Request for Admissions ask for 339 admissions from 5 different

defendants concerning events that involve different defendants and other persons at

different points in time. Plaintiff has asked all defendants to answer the same questions, even though questions may only be relevant to claims against just one or just a few defendants. Some defendants have personal knowledge of some events, but not others. Dr. Tina Kerr did not become superintendent until July 1, 2010. Mr. David Disler was no longer interim superintendent after June 30, 2010. President Robin Iveson and the Coldwater Community School Board were not involved in most events that occurred outside their purview at Board meetings. However, each defendant has, in good faith and consistent with Fed. R. Civ. P. Rule 36, tried to answer the Request for Admissions that directly involved that defendant, and, where reasonably feasible, answered the other Request for Admissions based on reasonable inquiries.

1. Admit that the defendants hereto are not contesting the jurisdiction of the United States District Court for the Western District of Michigan to hear and decide the issues raised in Plaintiff's Seconded Amended Verified Complaint.

**RESPONSE: Admit.**

2. Admit that the defendants hereto are not contesting the supplemental jurisdiction of the United States District Court for the Western District of Michigan to hear and decided he issues raised in Plaintiff's Seconded Amended Verified Complaint.

**RESPONSE: Admit.**

3. Admit that at all relevant times to the issues related in this litigation Plaintiff Randal Ritchie was and is a citizen of the United States of America.

**RESPONSE: Neither admit nor deny for reason defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff's citizenship status and defendant**

2

does not know what plaintiff means by "all relevant times to the issues related to this litigation."

4. Admit that at all relevant times to the issues related in this litigation Plaintiff Randal Ritchie was and is a citizen of the State of Michigan.

**RESPONSE: Neither admit nor deny for reason defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not give defendant information concerning plaintiff's citizenship status and defendant does not know what plaintiff means by "all relevant times to the issues related to this litigation."**

5. Admit that as a citizen of the Unites States of America, Randal Ritchie is entitled to the rights and privileges related to said citizenship.

**RESPONSE: Admit in part and neither admit nor deny in part. Plaintiff has the rights of a citizen if he is a citizen of the United States and has not forfeited such rights; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not give defendant information to know if these conditions exist.**

6. Admit that as a citizen of the State of Michigan, Randal Ritchie is entitled to the rights and privileges related to said citizenship.

**RESPONSE: Admit in part and neither admit nor deny in part. Plaintiff has the rights of a citizen if he is a citizen of the United States and has not forfeited such rights; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not give defendant information to know if these conditions exist.**

7.     Admit that Plaintiff Randal Ritchie, at all relevant times related to this litigation, was (and remains) a resident within the geographical boundaries of the Coldwater Community School, paying taxes that support the functions of Coldwater Community School.

**RESPONSE:  Admit in part and neither admit nor deny in part.  Admit plaintiff resides within the boundaries of Coldwater Community Schools; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not give defendant information to know if the rest of this Request for Admissions is true or not and defendant does not know what plaintiff means by "relevant times related to this litigation."**

8.     Admit that on or about April 23, 2010, Plaintiff Randal Ritchie presented his daughter to law enforcement agents of the Coldwater Police Department to report a perceived assault and/or battery perpetrated upon his daughter by a teaching staff member of the Coldwater Community School, which included said teacher forcibly pulling or tugging on his daughter's hair without permission or consent and causing said daughter pain, discomfort and disruption of the educational environment.

**RESPONSE:  Neither admit nor deny in part and deny in part.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny what plaintiff's daughter did or did not report to Coldwater Police Department agents, nor plaintiff's intent.   Deny the events described in this Request for Admission concerning the said teacher occurred.**

9.     Admit Meena Ritchie made a report to the police investigator similar to that referenced in paragraph 8 above.

4

**RESPONSE:** Neither admit nor deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny what plaintiff's daughter did or did not report to Coldwater Police Department agents.

10. Admit that upon learning of the police investigation of the complained assault, Defendant David Disler expressed disappointment to Mr. Ritchie for Plaintiff not first reporting the matter to officials of the Defendant Coldwater Community School.

**RESPONSE:** Neither admit nor deny; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not enable defendant to admit or deny this Request for Admission for reason Mr. Disler does not recall expressing disappointment to plaintiff for the reason described in this Request for Admission.

11. Admit that upon learning of the police investigation of the complained assault, Defendant David Disler verbally criticized Mr. Ritchie for Plaintiff not first reporting the matter to officials of the Defendant Coldwater Community School.

**RESPONSE:** Neither admit nor deny; defendants have made reasonable inquiry, but the information defendants know or can readily obtain does not enable defendants to admit or deny this Request for Admission for reason Mr. Disler does not recall verbally criticizing plaintiff for the reason described in this Request for Admission.

12. Admit that, upon learning of the police investigation of the complained assault, Defendant David Disler chastised (as that term is commonly defined in

5

Webster's dictionary) Mr. Ritchie for Plaintiff not first reporting the matter to officials of the Defendant Coldwater Community School.

**RESPONSE: Neither admit nor deny in part and deny in part. This Request for Admission does not say which Webster's Dictionary and which definition within the dictionary plaintiff intended defendant to consider, and after reasonable inquiry, the information defendant knows or can readily obtain does not give defendant information indicating that such a word applied to events described in this Request for Admission.**

13.    Admit that the Defendants did not conduct an independent investigation into the allegations made by Meena Ritchie as to Mrs. Renner.

**RESPONSE: Neither admit nor deny for reason this Request for Admission does not indicate to which defendant or defendants plaintiff directed Request for Admission 13. In further answer, Coldwater Community Schools cooperated with and participated in an investigation conducted by the Coldwater Police Department. Plaintiff made the decision to have a Coldwater Police Department investigator investigate the said charges.**

14.    Admit that the standard of probable cause to pursue criminal charges is not applicable to potential actions Defendants could take against Mrs. Renner under the terms of her employment contract with Coldwater Community School in effect in 2010.

**RESPONSE: Neither admit nor deny for reason this Request for Admission is vague; defendant does not understand the question as presented or what plaintiff means by "potential actions Defendants could take" after the Coldwater Police**

6

Department determined the charges plaintiff or his daughter made were "unfounded."

15.    Admit that a police department finding of "unfounded" does not mean that the incident or event reported by Meena did not occur.

**RESPONSE: Deny for reason the police department finding of "unfounded" can mean the incident or event reported by Meena did not occur.**

16.    Admit that Raeanne Renner did not have any independent recollection of whether or not she had pulled Meena Ritchie's hair as alleged by Meena.

**RESPONSE: Deny for reason that after reasonable inquiry, and upon information and belief, Raeanne Renner's recollection is that she did not pull Meena Ritchie's hair as alleged by Meena.**

17.    Admit that the officer who investigated the allegations of assault against Meena Ritchie did not interview any of Meena's classmates.

**RESPONSE: Admit, upon information and belief, Jefferson Elementary School Principal, Doug Bower, at the request of the investigating Coldwater Police Officer, rather than the investigating police officer, interviewed Meena's classmates.**

18.    Admit that the officer who investigated the allegations of assault against Meena Ritchie did not view the room where Meena alleged the matter took place.

**RESPONSE: Admit, upon information and belief.**

19.    Admit that Gary Bower who interviewed certain students in regards to Meena's allegations of assault did not interview the children who sat closest to Meena.

7

**RESPONSE:** **Neither admit nor deny for reason defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not enable defendant to admit or deny who Gary Bower is or what relationship he has to this matter.**

20. Admit that Robin Iveson was the duly elected President of the Board of the Coldwater Community School Board on May 24, 2010.

**RESPONSE: Admit.**

21. Admit that Robin Iveson was present at the meeting of the Coldwater Community School Board held May 24, 2010.

**RESPONSE: Admit.**

22. Admit that as the President of the Coldwater Community School Board, Robin Iveson had the responsibility to preside over the public meeting held May 24, 2010.

**RESPONSE: Admit.**

23. Admit that Robin Iveson was in charge of the proceedings and/or meeting of the Coldwater Community School Board on May 24, 2010.

**RESPONSE:** **Neither admit nor deny for reason plaintiff has not defined what "proceedings" he intended to encompass in this request. Admit Robin Iveson presided over a school board meeting.**

24. Admit that Randal Ritchie was present and in attendance at the public meeting of the Coldwater Community School held May 24, 2010.

**RESPONSE: Admit.**

8

25. Admit that under the rules of the Coldwater Community School Board, Randal Ritchie was entitled to speak uninterrupted for a period of five minutes during the public comment portion of said meeting.

**RESPONSE: Deny for reason the rules of the Coldwater Community School Board contain provisions that allow interruptions, among other reasons, to protect the orderly and efficient conduct of the meeting and to comply with the Michigan Open Meetings Act.**

26. Admit that Randal Ritchie did not cause a disturbance at the public meeting of the Coldwater Community School Board held May 24, 2010.

**RESPONSE: Admit in part and deny in part. Plaintiff was not called out of order at this meeting. Plaintiff was disrespectful.**

27. Admit that Randal Ritchie did was not disorderly at the public meeting of the Coldwater Community School Board held May 24, 2010.

**RESPONSE: Admit in part and deny in part. Plaintiff was not called out of order at this meeting. Plaintiff was disrespectful at times and spoke without requesting permission.**

28. Admit that Randal Ritchie did not cause breach the peace at the public meeting of the Coldwater Community School Board held May 24, 2010.

**RESPONSE: Admit, subject to the qualifications described in answers to Request for Admissions ##26 and 27 above, that he was disrespectful at times and spoke without asking permission.**

29. Admit that Randal Ritchie spoke at the public meeting of the Coldwater Community School Board on May 24, 2010.

9

**RESPONSE: Admit.**

30.     Admit that David Disler interrupted Randal Ritchie while he attempted to address the Coldwater Community School Board on May 24, 2010 before his allotted time to speak had expired.

**RESPONSE: Admit, in a broader context, Disler told plaintiff to say what he had to say consistent with time, place and manner standards and Michigan law. Plaintiff spoke over a time period that exceeded 5 minutes and did not say he had anything more to say when he stopped speaking.**

31.     Admit that, when David Disler interrupted Randal Ritchie while he was speaking at the public meeting on May 24, 2010, Mr. Disler informed Mr. Ritchie that Mr. Ritchie's speech content was not allowed.

**RESPONSE: Neither admit nor deny in part and deny in part. This Request for Admission does not describe what speech content plaintiff asked defendant to consider. Plaintiff was allowed to say what he had to say; he expressed his negative criticisms of the administration and, in particular, Mr. Disler. Plaintiff did not say he had anything more to say when he stopped speaking.**

32.     Admit that Robin Iveson did not declare David Disler out of order when he interrupted Randal Ritchie during said Randal Ritchie's attempt to address the Coldwater Community School Board on May 24, 2010 and before his allotted time to speak had expired.

**RESPONSE: Admit in part and deny in part. Robin Iveson did not declare Mr. Disler out of order. Plaintiff was allowed to and did make his complaints against**

10

the Coldwater Community School Administrators over a time span of more than 5 minutes; he did not say he had more to say when he stopped speaking.

33.     Admit that Robin Iveson interrupted Randal Ritchie while he attempted to address the Coldwater Community School Board on May 24, 2010 before his allotted time to speak had expired.

**RESPONSE:** Admit in part and deny in part. Robin Iveson interrupted plaintiff to comply with the Michigan Open Meetings Act and to advise him of further opportunity to speak at an executive meeting of the school board. Plaintiff was allowed to say what he had to say over a time span of more than 5 minutes; he did not say he had more to say when he stopped speaking.

34.     Admit that Robin Iveson informed Randal Ritchie on May 24, 2010, while he was speaking at the public meeting of the Coldwater Community School Board, that the content of his speech violated the terms of the Michigan Open Meetings Act.

**RESPONSE:** Admit in part and deny in part. Robin Iveson interrupted plaintiff to apply provisions of the Michigan Open Meetings Act and to advise him of further opportunity to speak at an executive meeting of the school board. Plaintiff was allowed to and did present the content of his speech as he made complaints against the Coldwater Community School Administrators over a time span of more than 5 minutes; he did not say he had more to say when he stopped speaking.

35.     Admit that Randal Ritchie did not cause a disturbance to the public meeting of the Coldwater Community School Board held May 24, 2010 which resulted in a disruption of the meeting or the ability of the board to conduct business.

**RESPONSE: Admit.**

36.    Admit that Randal Ritchie did not cause act in a manner at the public meeting of the Coldwater Community School Board held May 24, 2010 which prevented said board from conducting business that evening.

**RESPONSE: Admit.**

37.    Admit that the Defendants did not request a police presence during at the meeting of the Coldwater Community School Board held May 24, 2010.

**RESPONSE: Admit.**

38.    Admit that the Defendants did not call the police to request an officer be dispatched to the location of the meeting conducted by the Coldwater Community School Board on May 24, 2010 as a result of any action or the mere presence of Randal Ritchie.

**RESPONSE: Admit.**

39.    Admit that no citizen or person in attendance at the meeting conducted by the Coldwater Community School Board held on May 24, 2010, complained to any Defendant or employee or agent of any Defendant that they felt threatened, intimidated, or afraid of Randal Ritchie or his actions undertaken during the open public meeting held as stated herein.

**RESPONSE: Neither admit nor deny; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not enable defendant to admit or deny whether staff or others began to have or express such concerns at this time.**

12

40.     Admit that on June 11, 2010, Randal Ritchie had prearranged with Jacqui Lyon to pick up certain documents before the end of that business day.

**RESPONSE:  Admit in part and deny in part.  Reasonable inquiry indicates plaintiff verbally spoke with Jacqui Lyon concerning documents, but he had not submitted a written or Freedom of Information request for copies of documents. He was told demands of Ms. Lyon's job and time constraints that day did not allow her to prepare copies of records he verbally requested at that time.  His arrival just before the office was scheduled to close precluded the opportunity to inspect or make copies at that time.**

41.     Admit that the documents Mr. Ritchie was intending to pick up on June 11, 2010, were legally available to him under the Michigan Open Meetings Act.

**RESPONSE:  Neither admit nor deny; this Request for Admission does not describe what documents he wanted; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not enable defendant to know what was in plaintiff's mind; his arrival as the office was scheduled to close precluded the opportunity to inspect and make copies at that time.**

42.     Admit that the documents Mr. Ritchie was intending to pick up on June 11, 2010, were not subject to the requirements of the Freedom of Information Act.

**RESPONSE:   Neither admit nor deny; this Request for Admission does not describe the documents; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not give defendant information to know what was in the mind of plaintiff; his arrival just as the office**

was scheduled to close precluded the opportunity to inspect and make copies at that time.

43.    Admit that David Disler on June 11, 2010, encouraged, instructed, and/or directed staff to not provide to Mr. Ritchie the records he had prearranged to pick up that day.

**RESPONSE: Deny. Reasonable inquiry indicates when plaintiff arrived, just as the office was scheduled to close, he was informed copies of records would be available for him to pick up on the next business day.**

44.    Admit that David Disler on June 11, 2010, informed Mr. Ritchie or instructed staff to inform Mr. Ritchie that he would have to fill out a form under the Freedom of Information Act to obtain the records he had prearranged to pick up on that day.

**RESPONSE:    Admit, in a broader context; when plaintiff appeared at the administration building as it was scheduled to close, David Disler and/or staff tried to help him obtain copies of documents as soon as possible when the office reopened, including providing him with a Freedom of Information Request form.**

45.    Admit that Randal Ritchie contacted the police on June 11, 2010 after he was denied records based upon a prior conversation that he had had that day with Sgt. Vandenhout of the Coldwater Police Department.

**RESPONSE: Admit, upon reasonable inquiry and upon information and belief, plaintiff called the police on June 11, 2012 at or about the time the Administration Building was scheduled to close.    Defendant neither admits nor denies the remainder of this Request for Admission; defendant has made reasonable**

14

inquiry, but the information defendant knows or can readily obtain does not enable defendant to admit or deny what transpired between Sgt. VandenHout and plaintiff.

46. Admit that Sgt. Vandenhout suggested to Mr. Ritchie that he call the police department if Mr. Ritchie had any problems obtaining the records he had prearranged to pick up on June 11, 2010.

**RESPONSE: Neither admit nor deny; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not enable defendant to admit or deny what transpired between Sgt. VandenHout and plaintiff.**

47. Admit that Cpl. Miller was dispatched by the Coldwater Police Department to the administrative service center for Coldwater Community School in response to Randal Ritchie's call to the police on June 11, 2010.

**RESPONSE: Admit, upon information and belief.**

48. Admit that David Disler on June 11, 2010, when asked by Cpl. Mark Miller, indicated that he did not want Randal Ritchie on the Coldwater Community School administrative services building property and that he wanted Mr. Ritchie to leave.

**RESPONSE: Admit, upon information and belief, and in a broader context, in part, and deny in part. Cpl. Miller told plaintiff he was free to leave the administrative services property; when plaintiff refused to leave, Cpl. Miller asked Disler if he wanted plaintiff there at that point in time. Disler said the property was closed. When Cpl. Miller asked for a yes or no answer, Disler did nothing more than say no to the question asked.**

15

49.     Admit that David Disler was present when Cpl. Miller ordered Mr. Ritchie to leave the Coldwater Community School administrative services building and never to return.

**RESPONSE:  Admit, in part, in a broader context, and neither admit nor deny in part.   Mr. Disler was present when Cpl. Miller and plaintiff interacted in the parking lot next to the Coldwater Community School administrative services building.  Mr. Disler did not ask Cpl. Miller to issue an order or an order to keep plaintiff from returning to this property.  During the interaction between Cpl. Miller and plaintiff, plaintiff's failure to comply with Officer Miller's repeated orders to just leave the property may have prompted Officer Miller to issue a verbal police order telling him to leave and not return.    After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the remainder of this Request for Admission as Mr. Disler does not recall the words Cpl. Miller used in communicating with plaintiff were the same as in this Request for Admission.**

50.     Admit that the audio recording provided to Defendants on August 28, 2010 entitled "6_11 Cpl Miller#DAB2.wma" is a fair and accurate depiction of the conversation between Randal Ritchie, David Disler, and Cpl. Mark Miller on June 10, 2010.

**RESPONSE:  Neither admit nor deny.  Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; defendant is not the proper party to authenticate the recording.**

51. Admit that audio file "6_11 Cpl Miller#DAB2.wma" may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE: Deny for the reason admissibility is determined by the Rules of Evidence, not a Request to Admit. This defendant reserves the right to object if the Rules of Evidence are not complied with.**

52. Admit that David Disler informed the members of the Coldwater Community School Board that Randal Ritchie had been banned from the premises of the administrative service center for Coldwater Community School, where the board's July, 2010 public meeting was to be held.

**RESPONSE: Admit in part and deny in part. Disler issued a memo addressed to the members of the Coldwater Community School Board that said a patrol officer told plaintiff to leave the property. Deny that Disler or the Coldwater Community School Board banned plaintiff from the administrative service center or from attending the Board's July 2010 public meeting.**

53. Admit that neither David Disler, Robin Iveson, nor the Coldwater Community School Board took any action to overturn or override Cpl. Miller's order to Mr. Ritchie so that Mr. Ritchie could attend the July 12, 2010 public meeting of the Coldwater Community School Board which was to be held at the administrative service center for Coldwater Community School.

**RESPONSE: Admit in part and deny in part. These parties did not act to override Cpl. Miller's order as no one, including plaintiff, gave them reason to understand he wanted them to do so or that they had authority or a duty to do so. These**

**parties did not ask for or issue Cpl. Miller's order and did not prevent plaintiff from attending the July, 2010 meeting.**

54.     Admit that Randal Ritchie was present and in attendance at the public meeting of the Coldwater Community School Board on June 14, 2010 held at Jefferson Elementary School.

**RESPONSE: Admit.**

55.     Admit that Randal Ritchie spoke at the meeting of the Coldwater Community School Board on June 14, 2010.

**RESPONSE: Admit.**

56.     Admit that Randal Ritchie informed the members of the Board of the Coldwater Community School on June 14, 2010 that it had violated the Michigan Open Meetings Act during the public comment portion of the meeting of said board held of May 24, 2010.

**RESPONSE: Admit in part and neither admit nor deny in part. Randal Ritchie offered his opinions at the Coldwater Community School Board meeting on June 14, 2010. Neither admit nor deny the remainder of this Request for Admission or that plaintiff's opinions were correct as this Request for Admission does not describe an alleged violation Request for Admission asked defendant to consider.**

57.     Admit that Randal Ritchie did not cause a disturbance to the public meeting of the Coldwater Community School Board held June 14, 2010 which resulted in a disruption of the meeting or the ability of the board to conduct business.

**RESPONSE: Admit.**

58.    Admit that Randal Ritchie did not cause act in a manner at the public meeting of the Coldwater Community School Board held May 24, 2010 which prevented said board from conducting business that evening.

**RESPONSE: Admit.**

59.    Admit that the Defendants did not request a police presence during at the meeting of the Coldwater Community School Board held June 14, 2010.

**RESPONSE:  Deny for reason that by this time Mr. Disler had asked for a risk assessment and assistance to protect the physical safety of persons associated with Coldwater Community Schools.**

60.    Admit that the Defendants did not call the police to request an officer be dispatched to the location of the meeting conducted by the Coldwater Community School Board on June 14, 2010 as a result of any action or the mere presence of Randal Ritchie.

**RESPONSE: Admit.**

61.    Admit that no citizen or person in attendance at the meeting conducted by the Coldwater Community School held on June 14, 2010 complained to any Defendant or employee or agent of any Defendant that they felt threatened, intimidated or afraid of Randal Ritchie or his actions undertaken during the open public meeting held as stated herein.

**RESPONSE:  Deny for reason Coldwater Community Staff said they felt such concerns.**

62.    Admit that the members of the Coldwater Community School Board were informed by David Disler prior to its scheduled July 12, 2010 public meeting that Randal

19

Ritchie had been prohibited from entering onto the premises of the administrative services center building for the district by police order, under threat of arrest for trespassing if he did appear on said property for any reason.

**RESPONSE: Admit in part, upon information and belief, and deny in part. Mr. Disler issued a memo that said a patrol officer told plaintiff to leave the property. The memo did not inform the Board that Mr. Disler prohibited Randal Ritchie from entering the administrative service center or from attending the Board's July 2010 public meeting.**

63. Admit that the members of the Coldwater Community School Board were informed by David Disler prior to its scheduled July 12, 2010 public meeting that Randal Ritchie was not expected to appear at such scheduled public meeting of the Coldwater Community School Board as a result of the threat of being arrested for trespassing due to the order of Cpl. Miller.

**RESPONSE: Admit in part, upon information and belief, and deny in part. Disler issued a memo that said a patrol officer told plaintiff to leave the property. Deny Mr. Disler predicted whether plaintiff would or would not appear at the July 2010 meeting.**

64. Admit that the members of the Coldwater Community School Board were informed by David Disler prior to its scheduled July 12, 2010 that an agreement had been reached between Coldwater Community School, via David Disler, and the Coldwater Police Department to have a police officer assigned to attend its scheduled July 12, 2010 public meeting to handle Mr. Ritchie, if he chose to appear at said scheduled meeting.

20

**RESPONSE:** Admit, upon information and belief, and in a broader context; events between April and June 2010 made Mr. Disler very concerned plaintiff would threaten the physical safety of persons attending the 7/12/2010 school board meeting. To protect the physical safety of persons attending the school board meeting, and only for that reason, he asked for a police officer to be present; he issued a memo informing the school board he anticipated a police officer would be present. Mr. Disler's actions were intended to protect a narrowly defined government purpose, protecting the safety of persons attending the meeting, and not to restrict the content of plaintiff's speech or viewpoint. The information in his memo was consistent with the purpose of protecting the safety of persons attending the meeting.

65. Admit Randal Ritchie did not attend the July 12, 2010 meeting of the Coldwater Community School Board.

**RESPONSE:** Neither admit nor deny; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain does not enable defendant to admit or deny Randal Ritchie was present at the said July 2010 meeting.

66. Admit that Robin Iveson was in charge of the proceedings and/or meeting of the Coldwater Community School Board on August 23, 2010.

**RESPONSE:** Neither admit nor deny for reason plaintiff has not defined what "proceedings" he intended to encompass in this request. Admit Robin Iveson presided over a school board meeting.

67. Admit that Randal Ritchie was present and in attendance at the public meeting of the Coldwater Community School held August 23, 2010.

21

**RESPONSE: Admit.**

68.    Admit that under the rules of the Coldwater Community School Board, Randal Ritchie was entitled to speak uninterrupted for a period of five minutes during the public comment portion of the meeting held August 23, 2010.

**RESPONSE: Deny for reason the Coldwater Community School Board rules contain provisions that allow, among other things, interruptions to protect the orderly and efficient conduct of the meeting and to comply with the Michigan Open Meetings Act.**

69.    Admit that Randal Ritchie spoke at the public meeting of the Coldwater Community School Board on August 23, 2010.

**RESPONSE: Admit.**

70.    Admit that Randal Ritchie did not cause a disturbance to the public meeting of the Coldwater Community School Board held August 23, 2010 which resulted in a disruption of the meeting or the ability of the board to conduct business.

**RESPONSE: Admit.**

71.    Admit that Randal Ritchie did not cause act in a manner at the public meeting of the Coldwater Community School Board held August 23, 2010 which prevented said board from conducting business that evening.

**RESPONSE: Admit.**

72.    Admit that the Defendants did not request a police presence during at the meeting of the Coldwater Community School Board held August 23, 2010.

**RESPONSE: Admit.**

22

73.    Admit that the Defendants did not call the police to request an officer be dispatched to the location of the meeting conducted by the Coldwater Community School Board on August 23, 2010.

**RESPONSE: Admit.**

74.    Admit that no citizen or person in attendance at the meeting conducted by the Coldwater Community School held on August 23, 2010 complained to any Defendant or employee or agent of any Defendant that they felt threatened, intimidated or afraid of Randal Ritchie or his actions undertaken during the open public meeting held as stated herein.

**RESPONSE:    Deny for reason Coldwater Community Staff said they felt such concerns.**

75.    Admit that from April 23, 2010 through April 30, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Deny for reason plaintiff told parents of a CCS student he thought the community should applaud a person who shot or harmed a person who hurt a student; he was angry with Ms. Renner and was trying to get parents to make claims against her. He told Mr. Disler he considered her to be a danger to students. He made a statement in the presence of his oldest daughter that she interpreted to mean he wanted to harm Ms. Renner. At about this time he appeared at Coldwater Community School wearing a holster and also told a school secretary he had been shooting off rounds of ammunition to get his dog used to gunshots.**

23

76.    Admit that from April 23, 2010 through April 30, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly or attempted to physically harm anyone described in this Request for Admission.**

77.    Admit that from May 1, 2010 through May 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Deny for reason that at or about this period of time, plaintiff told parents of a CCS student he thought the community should applaud a person who shot or harmed a person who hurt a student; he was angry with Ms. Renner and was trying to get parents to make claims against her. He told Mr. Disler he considered her to be a danger to students. At or about this time he made a statement in the presence of his oldest daughter that she interpreted to mean he wanted to harm Ms. Renner. At about this time he appeared at Coldwater Community School wearing a holster and also told a school secretary he had been shooting off rounds of ammunition to get his dog used to gunshots.**

78.    Admit that from May 1, 2010 through May 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

79.     Admit that from May 16, 2010 through May 31, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child and he considered her to be a danger were not resolved. His presentations at the Coldwater School Board meetings in May and June 2010 demonstrated he was also upset with administrators who refused his demands to punish Ms. Renner and who had asked for a risk assessment of him and limited his contacts with school personnel and school property.

80.     Admit that from May 16, 2010 through May 31, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or

deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

81.    Admit that from June 1, 2010 through June 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE:  Neither admit nor deny in part, and deny in part.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat to physically harm or injure anyone described in this Request for Admission.  However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student and his belief Ms. Renner had hurt his child and he considered her to be a danger were not resolved.  His presentations at the Coldwater School Board meetings in May and June 2010 demonstrated he was upset with administrators who refused his demands to punish Ms. Renner and who had asked for a risk assessment of him and limited his contacts with school personnel and school property.  He demanded to debate and challenge Interim Superintendent Disler on June 10, 2010 and argued with him on June 11, 2010.  His reaction to Cpl. Miller on 6/11/2010 showed a defiance and distrust of authority.

82.    Admit that from June 1, 2010 through June 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community Schools, or any other person known to Defendants.

26

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.**

83. Admit that from June 16, 2010 through June 30, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

84. Admit that from June 16, 2010 through June 30, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or**

deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

85.     Admit that from July 1, 2010 through July 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Neither admit nor deny in part, and deny in part.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission.  However, the threats addressed in Request ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

86.     Admit that from July 1, 2010 through July 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Neither admit nor deny.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.**

87.     Admit that from July 16, 2010 through July 31, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

88.     Admit that from July 16, 2010 through July 31, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.**

89.     Admit that from August 1, 2010 through August 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

90. Admit that from August 1, 2010 through August 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

91. Admit that from August 16, 2010 through August 31, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically

harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

92. Admit that from August 16, 2010 through August 31, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

93. Admit that from September 1, 2010 through September 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a

31

student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

94.    Admit that from September 1, 2010 through September 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.**

95.    Admit that from September 16, 2010 through September 30, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

96. Admit that from September 16, 2010 through September 30, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.**

97. Admit that from October 1, 2010 through October 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny in part and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

98. Admit that from October 1, 2010 through October 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

99. Admit that from October 16, 2010 through October 31, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

100. Admit that from October 16, 2010 through October 31, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or

deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

101. Admit that from November 1, 2010 through November 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

102. Admit that from November 1, 2010 through November 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

103.   Admit that from November 16, 2010 through November 30, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Neither admit nor deny in part and deny in part.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission.  However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

104.   Admit that from November 16, 2010 through November 30, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Neither admit nor deny.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.**

105.   Admit that from December 1, 2010 through December 15, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

106. Admit that from December 1, 2010 through December 15, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

107. Admit that from December 16, 2010 through December 31, 2010 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically

harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

108. Admit that from December 16, 2010 through December 31, 2010 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

109. Admit that from January 1, 2011 through December 31, 2011 Randal Ritchie made no direct threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny in part, and deny in part. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a direct threat at this time to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##75 and 77, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a

student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

110. Admit that from January 1, 2011 through December 31, 2011 Randal Ritchie made no overt act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted overtly to or attempted to physically harm anyone described in this Request for Admission.

111. Admit that from April 23, 2010 through April 30, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Deny for reason that beginning at or about this time plaintiff told parents of a CCS student he thought the community should applaud a person who shot or harmed a person who hurt a student; at the time he was angry with Ms. Renner and was trying to get parents to make claims against her. Plaintiff made a statement in the presence of his oldest daughter that she interpreted to mean he wanted to harm Ms. Renner. He told Mr. Disler he considered her to be a danger to students. He appeared at a Coldwater Community School wearing a holster and told a school secretary he had been shooting rounds of ammunition to get his dog used to hearing gunshots.

112.    Admit that from April 23, 2010 through April 30, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Deny for reason he was intimidating when parents did not agree with him.**

113.    Admit that from May 1, 2010 through May 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Deny for reason that beginning at or about this time plaintiff told parents of a CCS student he thought the community should applaud a person who shot or harmed a person who hurt a student; at the time he was angry with Ms. Renner and was trying to get parents to make claims against her.  He told Mr. Disler he considered her to be a danger to students.  Plaintiff made a statement in the presence of his oldest daughter that she interpreted to mean he wanted to harm Ms. Renner.  He appeared at Coldwater Community School wearing a holster and told a school secretary he had been shooting rounds of ammunition to get his dog used to gunshots.**

114.    Admit that from May 1, 2010 through May 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:    Deny for reason he became irate and intimidating and was perceived as threatening when parents did not agree with him.**

115. Admit that from May 16, 2010 through May 31, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** **Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain also does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child and he considered her to be a danger were not resolved. His presentation at Coldwater School Board meetings in May and June 2010 demonstrated he was upset with school administrators and he was frustrated because authorities did not agree with his beliefs.**

116. Admit that from May 16, 2010 through May 31, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** **Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.**

41

117.   Admit that from June 1, 2010 through June 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Neither admit nor deny in part, and deny in part.  The phrase "indirect threat" is subjective and subject to interpretation.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission.  The threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child and he considered her to be a danger were not resolved.  His presentations at Coldwater School Board meetings in May and June 2010 demonstrated he refused to accept police findings and he was now also targeting administrators he wanted punished.  He demanded to debate and challenge Superintendent Disler on 6/10/2010 and made accusations against him on 6/11/2010.  His reaction to Cpl. Miller on 6/11/2010 revealed a defiance of and mistrust of authority.**

118.   Admit that from June 1, 2010 through June 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:  Neither admit nor deny.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or**

deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

119. Admit that from June 16, 2010 through June 30, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

120. Admit that from June 16, 2010 through June 30, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

121.   Admit that from July 1, 2010 through July 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:   Neither admit nor deny in part, and deny in part.   The phrase "indirect threat" is subjective and subject to interpretation.   After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission.   Threats addressed in Requests ##111 and 113, that plaintiff said the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

122.   Admit that from July 1, 2010 through July 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:   Neither admit nor deny.   After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.**

123.   Admit that from July 16, 2010 through July 31, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

124. Admit that from July 16, 2010 through July 31, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

125. Admit that from August 1, 2010 through August 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable

defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction. On or about 8/04/2010, plaintiff became agitated while at the Coldwater Community School administration building.

126. Admit that from August 1, 2010 through August 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

127. Admit that from August 16, 2010 through August 31, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or

injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction. At a meeting with Dr. Kerr on August 25, 2010, plaintiff continued these demands.

128.   Admit that from August 16, 2010 through August 31, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:**  Neither admit nor deny.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

129.   Admit that from September 1, 2010 through September 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:**  Neither admit nor deny in part, and deny in part.  The phrase "indirect threat" is subjective and subject to interpretation.  After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission.  Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should

applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his demands that Ms. Renner, Mr. Disler and Mr. Bower also be fired were not resolved to his satisfaction. His aggressive picketing activity at the Jefferson Elementary School on 9/07/2010 upset and frightened adults and children. Dr. Kerr observed plaintiff circling a Coldwater Community School.

130. Admit that from September 1, 2010 through September 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

131. Admit that from September 16, 2010 through September 30, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms.

Renner had hurt his child, he considered her to be a danger and his increased demands that Ms. Renner, and school administrators Mr. Disler and Mr. Bower be fired were still not resolved. Dr. Kerr observed plaintiff circling a Coldwater Community School occurred at about this time.

132. Admit that from September 16, 2010 through September 30, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

133. Admit that from October 1, 2010 through October 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr.

Disler and Mr. Bower be fired were not resolved. Dr. Kerr observed plaintiff taking pictures of her while she was in a restaurant.

134. Admit that from October 1, 2010 through October 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.**

135. Admit that from October 16, 2010 through October 31, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. The threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved. During plaintiff's arrest on 10/25/2010, he demanded Dr. Kerr be arrested.**

50

136. Admit that from October 16, 2010 through October 31, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.**

137. Admit that from November 1, 2010 through November 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. However, the threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved.**

138. Admit that from November 1, 2010 through November 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

139. Admit that from November 16, 2010 through November 30, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved.

140. Admit that from November 16, 2010 through November 30, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

141. Admit that from December 1, 2010 through December 15, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.**

142. Admit that from December 1, 2010 through December 15, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.**

143. Admit that from December 16, 2010 through December 31, 2010 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

144. Admit that from December 16, 2010 through December 31, 2010 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

145. Admit that from January 1, 2011 through December 31, 2011 Randal Ritchie made no indirect threat to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

**RESPONSE:** Neither admit nor deny in part, and deny in part. The phrase "indirect threat" is subjective and subject to interpretation. After reasonable inquiry, the information defendant knows or can readily obtain does not enable

defendant to admit or deny plaintiff made a new threat to physically harm or injure anyone described in this Request for Admission. Threats addressed in Requests ##111 and 113, that plaintiff said he thought the community should applaud a person who shot or harmed a person who hurt a student, his belief Ms. Renner had hurt his child, he considered her to be a danger and his complaints against Coldwater School Administrators and demands that Ms. Renner, Mr. Disler and Mr. Bower be fired were not resolved to his satisfaction.

146. Admit that from January 1, 2011 through December 31, 2011 Randal Ritchie made no subtle act or attempt to physically harm or injure any Defendant herein, employees of Coldwater Community School, or any other person known to Defendants.

RESPONSE: Neither admit nor deny. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny plaintiff acted subtly to or attempted to physically harm anyone described in this Request for Admission.

147. Defendants have no first hand information that Randal Ritchie ever directly threatened to physically harm or injure any employee, staff person, board member or agent of the Coldwater Community School.

RESPONSE: Neither admit nor deny as plaintiff has not asked any defendant to do so.

148. Defendants have no first hand information that Randal Ritchie ever directly threatened to physically harm or injure any student of the Coldwater Community School or any parent of any such student.

**RESPONSE:** **Neither admit nor deny as plaintiff has not asked any defendant to do so.**

149. Admit that from June 11, 2010 to August, 2010, Plaintiff was not allowed to freely come to the administrative services center to view, inspect, or obtain copies of any public documents retained at that location, or to view posted notices of pertaining public or special meetings of the Coldwater Community School Board.

**RESPONSE:** **Deny that defendant prevented plaintiff from having access to the Administrative Services Center from June 11, 2010 to August, 2010. Deny plaintiff was not allowed to obtain copies of public documents or notices of meetings of the Coldwater Community School Board.**

150. Admit that from August 25, 2010, to January 1, 2012, Plaintiff was not allowed to freely come to the administrative services center to view, inspect, or obtain copies of any public documents retained at that location, or to view posted notices of pertaining public or special meetings of the Coldwater Community School Board.

**RESPONSE:** **Admit in part and deny in part. Plaintiff was subject to a no trespass order from August 25, 2010 to January 1, 2012. Denied plaintiff was not allowed to obtain copies of public documents or notices of meetings of the Coldwater Community School Board.**

151. Admit that Tina Kerr issued a letter to Randal Ritchie dated August 25, 2010 that prohibited him from being on any property of Coldwater Community Schools except in three narrowly crafted exceptions.

**RESPONSE:** **Admit Dr. Kerr issued a letter dated August 25, 2010 that contains provisions allowing plaintiff access to school property with permission and without permission in some circumstances.**

152.  Admit that by the terms of the August 25, 2010 letter issued to Randal Ritchie by Tina Kerr he could appear on the property of Coldwater Community School in the event of an emergency involving one of his daughters provide he had the building principals advance permission.

**RESPONSE:  Admit**

153.  Admit that by the terms of the August 25, 2010 letter issued to Randal Ritchie by Tina Kerr he could appear on the property of Coldwater Community School to attend a public meeting of the Coldwater Community School Board of Education.

**RESPONSE:  Admit**

154.  Admit that by the terms of the August 25, 2010 letter issued to Randal Ritchie by Tina Kerr he could appear on the property of Coldwater Community School to attend a public event where his child is participating without prior permission.

**RESPONSE:  Admit**

155.  Admit that from August 25, 2010 to September 25, 2010 Randal Ritchie did not violate the terms of the August 25th letter issued to him by Dr. Kerr as discussed in the preceding paragraphs.

**RESPONSE:  Deny; a child caretaker bringing a child to school on September 7, 2010 reported she saw plaintiff step onto school property.**

156.  Admit that Robin Iveson was the duly elected President of the Board of the Coldwater Community School Board on September 27, 2010.

57

**RESPONSE: Admit.**

157.   Admit that Robin Iveson was present at the meeting of the Coldwater Community School Board held September 27, 2010.

**RESPONSE: Admit.**

158.   Admit that as the President of the Coldwater Community School Board, Robin Iveson had the responsibility to preside over the public meeting held September 27, 2010.

**RESPONSE: Admit.**

159.   Admit that Robin Iveson was in charge of the proceedings and/or meeting of the Coldwater Community School Board on September 27, 2010.

**RESPONSE:   Neither admit nor deny for reason plaintiff has not defined what "proceedings" he intended to encompass.   Admit Robin Iveson presided over a school board meeting.**

160.   Admit that Randal Ritchie was present and in attendance at the public meeting of the Coldwater Community School held September 27, 2010.

**RESPONSE: Admit.**

161.   Admit that under the rules of the Coldwater Community School Board, Randal Ritchie was entitled to speak uninterrupted for a period of five minutes at the public meeting on September 27, 2010.

**RESPONSE: Deny; Coldwater Community School Board rules allow interruptions to protect the orderly and efficient conduct of the meeting and to comply with the Michigan Open Meetings Act.**

162. Admit that Randal Ritchie did not cause a disturbance at the public meeting of the Coldwater Community School Board held September 27, 2010 at any time prior to an agent or employee of Coldwater Community School calling 911 to request police assistance.

**RESPONSE: Deny for reason his history of aggressiveness towards the school and/or school personnel caused safety concerns and a warrant for his arrest caused concern his aggression would escalate at this meeting.**

163. Admit that Randal Ritchie did not cause a disturbance at the public meeting of the Coldwater Community School Board held September 27, 2010 at any time prior to Tina Kerr speaking with Officer Thornton upon his arrival at the location said meeting was being held.

**RESPONSE: Deny for reason his history of aggressiveness towards the school and/or school personnel caused safety concerns and a warrant for his arrest caused concern his aggression would escalate at this meeting.**

164. Admit that at the time an agent called 911 to request police assistance on September 27, 2010, Randal Ritchie was not in violation of the terms of the letter of August 25, 2010 issued by Tina Kerr to Randal Ritchie.

**RESPONSE: Admit in part and deny in part. The letter said plaintiff could attend a school board meeting. By 9/27/2010 the information Dr. Kerr had received about plaintiff's unmet demands and aggressiveness towards the school from April, 2010 through September, 2010, and concerns his arrest would make him more aggressive and angry, gave Dr. Kerr reason to fear he threatened the**

physical safety of people attending school board meetings. These concerns made allowances concerning board meetings in the 8/25/2010 letter moot.

165. Admit that at the time Tina Kerr spoke with Officer Thornton upon his arrival at the location the September 27, 2010 meeting of the Coldwater Community School Board was being held, Randal Ritchie was not in violation of the terms of the letter of August 25, 2010 issued by Tina Kerr to Randal Ritchie.

**RESPONSE: Admit in part and deny in part. The 8/25/2010 letter said plaintiff could attend a school board meeting. By 9/27/2010 the information Dr. Kerr received about plaintiff's unmet demands and aggressiveness towards the school from April, 2010 through September, 2010, and concerns his arrest would make him more aggressive and angry, gave Dr. Kerr reason to fear he threatened the physical safety of people attending school board meetings. These concerns made allowances concerning board meetings in the 8/25/2010 letter moot.**

166. Admit that prior to anyone calling 911 on September 27, 2010 to report Randal Ritchie's presence at the public meeting being conducted at the administrative service center building, Tina Kerr informed Robin Iveson that the police were being called in regards to the presence of Randal Ritchie at the meeting.

**RESPONSE: Deny for reason Tina Kerr did not inform Robin Iveson police were being called.**

167. Admit that prior to Tina Kerr speaking with the police on September 27, 2010, Robin Iveson was aware that Tina Kerr intended to have Mr. Ritchie removed from the public meeting being conducted by the Coldwater Community School Board on September 27, 2010.

60

**RESPONSE: Deny for reason Robin Iveson was not aware what Dr. Kerr intended regarding plaintiff.**

168. Admit that Robin Iveson, as President of the Coldwater Community School Board of Education, agreed with and/or concurred in the actions of Tina Kerr to have Randal Ritchie removed from the public meeting of September 27, 2010, which Robin Iveson presided over as president of the board.

**RESPONSE: Admit in part and deny in part. Admit Robin Iveson was President of the school board and presided over the meeting. Deny the remainder of this Request for Admission for reason Robin Iveson did not know what actions Dr. Kerr intended regarding plaintiff.**

169. Admit that at the time Tina Kerr requested that the police obtain or perfect Mr. Ritchie's removal from the premises where the September 27, 2010 meeting of the Coldwater Community School Board was meeting and conducting business, Robin Iveson failed to intervene or otherwise act to ensure that Randal Ritchie could attend the entire meeting and also speak during the public comment portion of the meeting, if he so chose to speak.

**RESPONSE: Deny Robin Iveson failed to intervene or act for the reasons described in this Request for Admission. Robin Iveson did not have knowledge of what was said between Dr. Kerr and police officers or the action police officers would take. She had no reason to interfere with a police officer's request to speak with plaintiff.**

170. Admit that at the time Tina Kerr approached Randal Ritchie during the ongoing public meeting of the Coldwater Community School Board held September 27,

61

2010 to inform Randal Ritchie that the police wanted him to leave the room and speak with them, Robin Iveson failed to intervene or otherwise act to ensure that Randal Ritchie could attend the entire meeting and also speak during the public comment portion of the meeting, if he so chose to speak.

**RESPONSE:** **Deny Robin Iveson failed to intervene or act for the reasons described in this Request for Admission. Robin Iveson did not have knowledge of what was said between Dr. Kerr and police officers or the action police officers would take when they asked to speak with plaintiff. She had no reason to interfere with a police request to speak with plaintiff, and no opportunity to act before they left the building.**

171. Admit that on September 27, 2010 Robin Iveson deferred to the actions and decisions of Tina Kerr in having Randal Ritchie removed from the public meeting of the Coldwater Community School Board.

**RESPONSE: Deny in part and admit in part. Deny Robin Iveson knew in advance plaintiff would be removed from the said meeting. Admit Robin Iveson did not conclude Dr. Kerr's concerns for protecting the physical safety of persons attending the meeting were unjustified or unlawful.**

172. Admit that Robin Iveson did not declare the presence or action of Randal Ritchie at any time prior to Tina Kerr approaching Mr. Ritchie to request he leave the room to speak to police officers to be disorderly to the meeting or a disturbance of the business being conducted.

**RESPONSE: Admit.**

173. Admit that Jacqui Lyon called 911 on September 27, 2010 for or on behalf of Tina Kerr and/or Coldwater Community School.

**RESPONSE: Admit in part, deny in part, and neither admit nor deny in part. Admit Jacqui Lyon called 9-1-1 on 9/27/2010. Deny Dr. Kerr told her to do so. Neither admit nor deny the remainder of this Request for Admission because it is compound and it is unclear what meaning plaintiff intended by the phrase "for or on behalf of."**

174. Admit Tina Kerr spoke with the 911 operator on September 27, 2010 in regards to Randal Ritchie.

**RESPONSE: Admit.**

175. Admit that Tina Kerr informed the 911 operator that they, meaning the Coldwater Community School, had a "no trespass" on Randal Ritchie as of September 27, 2010.

**RESPONSE: Admit.**

176. Admit that when Tina Kerr informed the 911 operator of the claimed "no trespass" on Randal Ritchie said Tina Kerr failed to inform the 911 operator that there were exceptions to that claim.

**RESPONSE: Denied for reason Dr. Kerr said she wanted to have a conversation with the police officer when he arrived because this was a public board meeting.**

177. Admit that the 911 operator informed Tina Kerr that she could send an officer down if he (Randal Ritchie) is trespassing.

63

**RESPONSE:** Admit in the context of a broader conversation; Dr. Kerr informed the dispatch operator that an exception was made for board meetings and she wanted to talk to the officer for that reason.

178. Admit that the 911 operator asked Tina Kerr if she wanted the operator to send an officer, to which Tina Kerr responded "yeah".

**RESPONSE:** Admit in the context of a broader conversation; Dr. Kerr said she wanted to have a conversation with the officer because they were involved in a public board meeting.

179. Admit that Tina Kerr did not report to the 911 operator on September 27, 2010 in regards to Mr. Ritchie that he was causing a disturbance of any kind.

**RESPONSE:** Deny for reason Dr. Kerr would not have asked the dispatch operator to send an officer if plaintiff was not causing a disturbance of some kind.

180. Admit that Tina Kerr did not report to the 911 operator on September 27, 2010 in regards to Mr. Ritchie that he was engaging in any kind of threatening or potentially dangerous behavior.

**RESPONSE:** Admit in part and deny in part. Dr. Kerr requested a police officer's presence because she feared plaintiff threatened the safety of people at this meeting; she did not report, to the 911 operator, all of the reasons to request a police officer.

181. Admit that Tina Kerr did not report to the 911 operator on September 27, 2010 in regards to Mr. Ritchie that she felt he was a danger to those present at the public meeting of the Coldwater Community School Board.

**RESPONSE:** Admit in part and deny in part. Dr. Kerr requested a police officer's presence because she feared plaintiff threatened the physical safety of people at this meeting; she did not report, to the 911 operator, all of the reasons to request a police officer.

182.    Admit that Tina Kerr, when speaking to Officer Thornton on September 27, 2010, told Officer Thornton that she ("we") believed Randal Ritchie was going to make a scene during public comment because that is his "MO".

**RESPONSE:** Admit, upon information and belief and in a broader context, she told Officer Thornton she believed plaintiff was going to make a scene. In context, Dr. Kerr referred to his behavior at meetings earlier in August 2010 where he appeared agitated, irrational and unable to formulate complete thoughts. She was concerned this behavior and his aggressiveness was escalating and would culminate in a violent act that physically harmed people at a school board meeting.

183.    Admit that Randal Ritchie, during the tenure of Tina Kerr's employment as superintendent of Coldwater Community Schools, had not make any type of scene or cause any type of disruption to the proceedings of any public meeting of the Coldwater Community School Board prior to her contacting or speaking with the Police on September 27, 2010.

**RESPONSE:** Neither admit nor deny for reason this Request for Admission is vague and does not provide information necessary to understand plaintiff's meaning of "type of scene or cause of any type of disruption" at a public meeting.

184. Admit that Tina Kerr, when speaking to Officer Thornton on September 27, 2010, told officer Thornton that people were starting to ignore Randal Ritchie.

**RESPONSE: Admit.**

185. Admit that Tina Kerr, when speaking with Officer Thornton on September 27, 2010, failed to tell Officer Thornton that she issued a letter to Randal Ritchie on August 25, 2010, stating that Randal Ritchie could attend public meetings of the board of education without necessity of obtaining permission in advance from her.

**RESPONSE: Admit, in a broader context, in part and deny in part. Dr. Kerr told the 9-1-1 dispatch operator plaintiff was attending a public board meeting that she said he could attend without an appointment; Dr. Kerr did not specifically discuss the 8/25/2010 letter with Officer Thornton. That letter had become moot in view of Dr. Kerr's escalating concerns plaintiff posed a real threat to the physical safety of persons then attending the 9/27/2010 meeting.**

186. Admit that Tina Kerr, when speaking with Officer Thornton on September 27, 2010, did not allege or inform said officer that Randal Ritchie had engaged in any act of disturbance while attending the meeting of the board of education on September 27, 2010.

**RESPONSE: Admit in part and deny in part. Dr. Kerr did not report plaintiff engaged in a specific act at this meeting. She told Officer Thornton plaintiff's aggressiveness towards the school made parents increasingly nervous about him and for the school. Dr. Kerr only asked for an officer to come to the building because she feared for the physical safety of persons at the meeting and needed plaintiff to "quit threatening us."**

187. Admit that Tina Kerr, when speaking with Officer Thornton on September 27, 2010, did not inform said officer that Randal Ritchie had been deemed by her to be a threat or danger to members of the board of education for Coldwater Community School, administrators or staff of said school system, students attending said school system, parents of children attending said school system, or to persons present at the meeting being conducted on the premises on said date.

**RESPONSE: Admit in part and deny in part. Dr. Kerr told Officer Thornton plaintiff's aggressiveness towards the school made parents increasingly nervous about him and for the school. Dr. Kerr's conversation with Officer Thornton ended before she explained numerous other reasons she feared he would physically harm someone at the meeting. Dr. Kerr said she was afraid to approach him. She asked the police officer to tell him to leave.**

188. Admit that Tina Kerr, when speaking with Officer Thornton on September 27, 2010, knew that there was no lawful reason to require Randal Ritchie's removal from the public meeting of the Coldwater Community School Board being conducted on the premises where she was speaking with Officer Thornton.

**RESPONSE: Denied for reason Kerr had a legal right to protect the physical safety of persons attending this meeting. A reasonable person in her position, with the information available to her, would reasonably conclude he could be removed, without violating his rights or the law, to protect the physical safety of persons attending the meeting.**

189. Admit that Tina Kerr, when speaking with Officer Thornton on September 27, 2010, informed Officer Thornton that it was her preference that Randal

67

Ritchie not be "here", referencing the meeting of the Coldwater Community School Board then underway.

**RESPONSE: Admit in part and deny in part. Dr. Kerr's preference was plaintiff not physically harm persons "here" on Coldwater Community School property, period. The meeting was not relevant to her preference.**

190. Admit that Tina Kerr, when speaking with Officer Thornton on September 27, 2010, discussed with said officer a prior trespassing arrest of Randal Ritchie and, after said officer indicated it was not working, informed said officer she "would rather just do another one", meaning arrest Mr. Ritchie for trespassing, because she needed him to "quit".

**RESPONSE: Admit in part and deny in part. Dr. Kerr and police officers discussed plaintiff's prior arrest. However, Dr. Kerr did not want plaintiff arrested. She wanted him to leave voluntarily. She asked Officer Thornton to ask him to leave voluntarily. Needing him to "quit" referred to needing him to "quit threatening us."**

191. Admit that Item 67 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the 911 conversation between the 911 operator, Jacqui Lyon, and Tina Kerr.

**RESPONSE: Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

192.   Admit that Item 67 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:   Denied for reason admissibility is determined by the Rules of Evidence, not Requests to Admit.  Defendant reserves the right to object if the Rules of Evidence are not complied with.**

193.   Admit that Item 68 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Officer Thornton of the Coldwater Police Department, David Disler and Tina Kerr.

**RESPONSE:   Neither admit nor deny.   Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

194.   Admit that Item 68 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:   Denied for the reason admissibility is determined by the Rules of Evidence, not Requests to Admit.  Defendant reserves the right to object if the Rules of Evidence are not complied with.**

195.   Admit that Item 2 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Doug Bower.

**RESPONSE:   Neither admit nor deny.   Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows**

or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

196. Admit that Item 2 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** **Denied for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. This defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.**

197. Admit that Item 6 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Sgt. Vandenhout of the Coldwater Police Department

**RESPONSE:** **Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

198. Admit that Item 6 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** **Denied for the reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with.**

199. Admit that Item 8 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Dale Sims.

**RESPONSE: Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant information to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

200. Admit that Item 8 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE: Denied for the reason admissibility is determined by the Rules of Evidence, not Requests to Admit. This defendant reserves the right to object if the Rules of Evidence are not complied with.**

201. Admit that Item 9 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Dale Sims

**RESPONSE: Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

202. Admit that Item 9 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for the reason admissibility is determined by the Rules of Evidence, not Requests to Admit. This defendant reserves the right to object if the Rules of Evidence are not complied with.

203. Admit that Item 13 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Doug Bower.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

204. Admit that Item 13 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

205. Admit that Item 15 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Doug Bower.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows

or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

206. Admit that Item 15 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for the reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

207. Admit that Item 16 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Doug Bower.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

208. Admit that Item 16 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a

recording of a private conversation recorded without the permission and knowledge of all participants.

209. Admit that Item 17 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and David Disler.

**RESPONSE:** **Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

210. Admit that Item 17 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** **Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.**

211. Admit that Item 19 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Doug Bower.

**RESPONSE:** **Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording**

fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

212. Admit that Item 19 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

213. Admit that Item 27 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Mark Bartell.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

214. Admit that Item 27 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a

recording of a private conversation recorded without the permission and knowledge of all participants.

215. Admit that Item 28 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Terri Norris.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

216. Admit that Item 28 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. This defendant reserves the right to object if the Rules of Evidence are not complied and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

217. Admit that Item 29 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Mark Bartell.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording

fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

218. Admit that Item 29 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

219. Admit that Item 30 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Robin Iveson.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

220. Admit that Item 30 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Denied for the reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a

recording of a private conversation recorded without the permission and knowledge of all participants.

221.   Admit that Item 32 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and David Disler.

**RESPONSE:   Neither admit nor deny.   Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

222.   Admit that Item 32 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:   Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit.   Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.**

223.   Admit that Item 40 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Mark Bartell.

**RESPONSE:   Neither admit nor deny.   Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording**

fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

224. Admit that Item 40 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with.

225. Admit that Item 41 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and David Disler.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

226. Admit that Item 41 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

227. Admit that Item 43 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and David Disler.

**RESPONSE:** **Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

228. Admit that Item 43 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** **Deny for reason admissibility if determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.**

229. Admit that Item 45 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the 911 recording of June 10, 2010 and June 11, 2010.

**RESPONSE:** **Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

230. Admit that Item 45 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE: Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with.**

231. Admit that Item 49 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Brett Pherson.

**RESPONSE: Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

232. Admit that Item 49 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE: Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.**

233. Admit that Item 65 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie, Nisha Ritchie, Martha Marcero and Tina Kerr.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

234. Admit that Item 65 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

235. Admit that Item 76 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the arrest of Randal Ritchie on October 25, 2010.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

236. Admit that Item 76 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. This defendant reserves the right to object if the Rules of Evidence are not complied with.

237. Admit that Item 77 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the 911 phone call from Gary Dancer on October 25, 2010 in regards to Randal Ritchie.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording..

238. Admit that Item 77 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with.

239. Admit that the statements of Gary Dancer made on October 25, 2010 to the 911 operator in regards to Randal Ritchie disrupting the meeting were false when made by Mr. Dancer.

**RESPONSE:** Deny Mr. Dancer made false statements to the 9-1-1 Dispatch operator regarding Randal Ritchie disrupting a meeting.

240. Admit that the statements of Gary Dancer made on October 25, 2010 to the 911 operator in regards to Randal Ritchie not being allowed at the public meeting of the Coldwater Community School Board on that date was false.

**RESPONSE: Deny Mr. Dancer made false statements to the 9-1-1 Dispatch operator regarding Randal Ritchie's allowance to be at the meeting.**

241. Admit that Item 78 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the 911 phone call from Jacqui Lyon on October 25, 2010 in regards to Randal Ritchie.

**RESPONSE: Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.**

242. Admit that Item 78 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE: Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with.**

243. Admit that the statements of Jacqui Lyon made on October 25, 2010 to the 911 operator that Randal Ritchie had returned to the administrative service center property after his earlier arrest on that date was false.

**RESPONSE: Deny for reason Ms. Lyon did not make a statement to the 9-1-1 dispatch operator that she did not believe to be true.**

84

244. Admit that Item 98 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Brett Pherson.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

245. Admit that Item 98 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a recording of a private conversation recorded without the permission and knowledge of all participants.

246. Admit that Item 102 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the conversation between Randal Ritchie and Tina Kerr.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the conversations among the participants; Defendant is not the proper party to authenticate the recording.

247. Admit that Item 102 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE: Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with and to object to the admission of a private conversation recorded without the permission and knowledge of all participants.**

248. Admit that from August 25, 2010 to September 27, 2010 Mr. Ritchie had not directly confronted, threatened or physically assaulted any student of Coldwater community schools.

**RESPONSE: Deny; on 9/07/10 plaintiff approached parents and custodians of children bringing children to school, and reached through a window of a vehicle containing a child or children.**

249. Admit that from August 25, 2010 to September 27, 2010 Mr. Ritchie had not directly confronted, threatened or physically assaulted any parent of Coldwater community schools.

**RESPONSE: Deny; on 9/07/10 plaintiff approached parents and custodians of children bringing children to school, and reached through a window of a vehicle containing a child or children.**

250. Admit that from August 25, 2010 to September 27, 2010 Mr. Ritchie had not directly confronted, threatened, or physically assaulted any employee or staff member of Coldwater community schools.

86

**RESPONSE: Deny; plaintiff appeared at a restaurant and pointed his cell phone camera at teachers and Doug Bower.**

251. Admit that on September 7, 2010, Randal Ritchie was lawfully exercising his First Amendment Rights when picketing in the vicinity of Jefferson Elementary School.

**RESPONSE: Admit plaintiff has a right to picket in the vicinity of Jefferson Elementary School. Deny plaintiff lawfully exercised such rights for the reason a witness's observation of his activity on 9/07/10 caused a prosecutor to issue a warrant for plaintiff's arrest based on the belief he had trespassed.**

252. Admit that picketing is a long established method of expressing one's First Amendment Rights to free speech and to redress grievances.

**RESPONSE: Admit picketing is a method of expressing one's First Amendment Rights. Neither admit nor deny plaintiff's reference to "long established" for reason plaintiff has not shown what period of time he intended.**

253. Admit, to the knowledge of these Defendants, that Randal Ritchie never brandished, showed or openly carried a weapon on any property of the Coldwater Community Schools.

**RESPONSE: Admit defendant does not have first hand knowledge plaintiff brandished, showed or openly carried a weapon on Coldwater Community Schools' property.**

254. Admit that Robin Iveson was the duly elected President of the Board of the Coldwater Community School Board on October 25, 2010.

**RESPONSE: Admit.**

87

255. Admit that Robin Iveson was present at the meeting of the Coldwater Community School Board held October 25, 2010.

**RESPONSE: Admit.**

256. Admit that as the President of the Coldwater Community School Board, Robin Iveson had the responsibility to preside over the public meeting held October 25, 2010.

**RESPONSE: Admit.**

257. Admit that Robin Iveson was in charge of the proceedings and/or meeting of the Coldwater Community School Board on October 25, 2010.

**RESPONSE: Neither admit nor deny for the reason plaintiff has not defined what "proceedings" he intended to encompass in this request. Admit Robin Iveson presided over a school board meeting.**

258. Admit that Randal Ritchie was present and in attendance at the public meeting of the Coldwater Community School held October 25, 2010.

**RESPONSE: Admit.**

259. Admit that under the rules of the Coldwater Community School Board, Randal Ritchie was entitled to speak uninterrupted for a period of five minutes at the public meeting on October 25, 2010.

**RESPONSE: Deny; the rules of the Coldwater Community School Board contain provisions that allow interruptions, among other reasons, to protect the orderly and efficient conduct of the meeting and to comply with the Michigan Open Meetings Act.**

260. Admit that Randal Ritchie did not cause a disturbance during the public meeting of the Coldwater Community School Board held October 25, 2010 at any time prior said board moving into recess.

**RESPONSE: Deny; when President Iveson announced the Board was taking a brief recess, plaintiff demanded the Board formally vote to do so. Plaintiff interjected himself into the Board procedures outside of the public comment portion the meeting. His history of aggressiveness towards the school and/or school personnel caused safety concerns.**

261. Admit that Randal Ritchie did not a cause a disturbance during the public meeting of the Coldwater Community School Board held October 25, 2010 before Gary Dancer called 911.

**RESPONSE: Deny; plaintiff's appearance violated a no trespassing order intended to protect the safety of persons on Coldwater Community School property and when President Iveson announced the Board was taking a brief recess, plaintiff interjected himself into the procedures of the Board outside of the public comment portion of the meeting. His history of aggressiveness towards the school and/or school personnel caused safety concerns.**

262. Admit that Randal Ritchie did not cause a disturbance at the public meeting of the Coldwater Community School Board held October 25, 2010 at any time prior to Tina Kerr speaking with Officer Thornton upon his arrival at the location said meeting was being held.

**RESPONSE: Deny; plaintiff's appearance violated a no trespassing order intended to protect the safety of persons on Coldwater Community School**

property and when President Iveson announced the Board was taking a brief recess, plaintiff interjected himself into the procedures of the Board outside of the public comment portion of the meeting. His history of aggressiveness towards the school and/or school personnel caused safety concerns.

263. Admit that prior to anyone calling 911 on October 25, 2010 to report Randal Ritchie's presence at the public meeting being conducted at the administrative service center building, Tina Kerr informed Robin Iveson that the police were being called in regards to the presence of Randal Ritchie at the meeting.

**RESPONSE: Deny that before anyone called 9-1-1 on October 25, 2010, Tina Kerr informed Robin Iveson that the police were being called in regard to the presence of Randal Ritchie at the meeting.**

264. Admit that prior to Tina Kerr speaking with the police on October 25, 2010, Robin Iveson was aware that Tina Kerr intended to have Mr. Ritchie removed from the public meeting being conducted by the Coldwater Community School Board on October 25, 2010.

**RESPONSE: Deny Robin Iveson was aware of Dr. Kerr's intentions regarding plaintiff before Dr. Tina Kerr spoke with the police on October 25, 2010.**

265. Admit that Robin Iveson as President of the Coldwater Community School Board of Education agreed with and/or concurred in the actions of Tina Kerr to have Randal Ritchie removed from the public meeting of October 25, 2010, which Robin Iveson presided over as president of the board.

**RESPONSE: Admit in part and deny in part. Admit Robin Iveson was President of the school board and presided over the meeting. Admit Robin Iveson did not**

90

**conclude Dr. Kerr's concerns for protecting the physical safety of persons attending the meeting were unjustified or unreasonable or that protecting the physical safety of persons attending school board meetings was unlawful. Deny the remainder of Request for Admission 265 as Robin Iveson was not aware of what actions Dr. Kerr intended to ensure the safety of persons attending the October 25, 2010 meeting.**

266.    Admit, that at the time Tina Kerr requested that the police obtain or perfect Mr. Ritchie's removal from the premises where the October 25, 2010 meeting of the Coldwater Community School Board was meeting and conducting business, Robin Iveson failed to intervene or otherwise act to ensure that Randal Ritchie could attend the entire meeting and also speak during the public comment portion of the meeting, if he so chose to speak.

**RESPONSE: Admit in part and deny in part. Admit Robin Iveson did not interfere with police officers in the performance of their duties. The events before her did not indicate plaintiff had a lawful right to remain in the meeting.**

267.    Admit that during the time of recess entered into by the Coldwater Community School Board on October 25, 2010, Tina Kerr approached Randal Ritchie for the purpose of asking him to leave the meeting room where the public meeting of the Coldwater Community School Board was to be held.

**RESPONSE: Admit.**

268.    Admit that in response to Tina Kerr's demand that Randal Ritchie leave the building and/or the room where the meeting room where the public meeting of the

Coldwater Community School Board was to be held, Randal Ritchie informed Tina Kerr that it was allowed to attend as the meeting was under the Open Meetings Act.

**RESPONSE: Admit plaintiff refused to leave when he was asked to leave and said his opinions superseded other authority. Neither admit nor deny the remainder of this Request for Admission as it did not describe what "it" referred to.**

269. Admit that when Tina Kerr asked Randal Ritchie to leave the premises, Robin Iveson failed to intervene or otherwise act to ensure that Randal Ritchie could attend the entire meeting and also speak during the public comment portion of the meeting, if he so chose to speak.

**RESPONSE: Admit in part and deny in part. Deny Robin Iveson was aware Dr. Kerr asked plaintiff to leave the meeting site at the time Dr. Kerr asked him to leave. Admit Robin Iveson understood that if Dr. Kerr had asked plaintiff to leave the meeting site, she did so for lawful reasons, her only purpose was to protect the physical safety of persons attending school board meetings, and that protecting the public's physical safety is a significant government interest.**

270. Admit that when Officer Thornton approached Randal Ritchie during the recess of the public meeting of the Coldwater Community School Board held October 25, 2010 to ask Randal Ritchie to leave the premises, Robin Iveson failed to intervene or otherwise act to ensure that Randal Ritchie could attend the entire meeting and also speak during the public comment portion of the meeting, if he so chose to speak.

**RESPONSE: Admit in part and deny in part. Admit Robin Iveson did not interfere with a police officer performing his duties as a police officer. The events before her did not indicate plaintiff had a lawful right to remain at the meeting.**

271. On October 25, 2010 Robin Iveson deferred to the actions and decisions of Tina Kerr in having Randal Ritchie removed from the public meeting room of the Coldwater Community School Board.

**RESPONSE: Admit in part and deny in part. Admit Robin Iveson did not disagree with Dr. Kerr's concerns plaintiff threatened the physical safety of persons attending school board meetings. Deny Robin Iveson knew in advance what Dr. Kerr deemed necessary to protect the physical safety of persons attending the 10/25/2010 school board meeting.**

272. On October 25, 2010 Robin Iveson deferred to the actions Officer Thornton when Randal Ritchie removed from the public meeting room of the Coldwater Community School Board.

**RESPONSE: Admit Robin Iveson did not interfere with what she believed to be lawful actions of police officers. The events before her did not indicate plaintiff had a lawful right to remain in the meeting.**

273. Admit that at no time prior to Mr. Ritchie's arrest on October 25, 2010 did Robin Iveson inform or instruct Randal Ritchie that he needed to leave the premises.

**RESPONSE: Admit, upon information and belief; however, the police officer did instruct Randal Ritchie he needed to leave.**

274. Admit that the Coldwater Community School Board conducted a public meeting on November 22, 2010.

**RESPONSE: Admit.**

275. Admit that Randal Ritchie was not present at the public meeting of the Coldwater Community School Board held November 22, 2010.

**RESPONSE:** Neither admit nor deny; defendant has made reasonable inquiry, but the information defendant knows or can readily obtain is not sufficient to enable defendant to admit or deny plaintiff was or was not present at the 11/22/2010 Board meeting. Plaintiff was not prevented by any act or policy of the Coldwater Community School Board or employee of the Coldwater Community Schools from attending if he wished to do so.

276. Admit that on November 22, 2010 the Coldwater Community School Board voted to invoke executive session during the meeting of November 22, 2010.

**RESPONSE:** Admit.

277. Admit that Martha Marcero attended the executive session of the Coldwater Community School Board held November 22, 2010.

**RESPONSE:** Admit.

278. Admit that the Coldwater Community School Board, while in executive session on November 22, 2010, discussed Randal Ritchie.

**RESPONSE:** Neither admit nor deny for reason that, absent a court order, the Michigan Open Meetings Act does not permit defendant to reveal information disclosed in a closed session. Defendant is unaware of any court order allowing anyone to disclose such information.

279. Admit that while in executive session on November 22, 2010, the members of the Coldwater Community School Board took a straw poll or survey in regards to potential legal action to ban Randal Ritchie from some or all of school property.

94

**RESPONSE:** Neither admit nor deny for reason that, absent a court order, the Michigan Open Meetings Act does not permit defendant to reveal information disclosed in a closed session. Defendant is unaware of any court order allowing anyone to disclose such information.

280. Admit that Item 79 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the time of recess of the Coldwater Community School Board on October 25, 2010.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording fairly and accurately reflects the events and conversations among the participants. Defendant is not the proper party to authenticate the recording.

281. Admit that Item 79 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:** Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with.

282. Admit that Item 80 of Plaintiff's Rule 26(a) disclosure is a fair and accurate depiction of the audio recording of the arrest of Randal Ritchie on October 25, 2010 at the administrative service center building.

**RESPONSE:** Neither admit nor deny. Defendant is not the custodian of the original recording and, after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the recording

fairly and accurately reflects the events and conversations among the participants; defendant is not the proper party to authenticate the recording.

283.   Admit that Item 80 of Plaintiff's Rule 26(a) disclosure may be admitted at the trial in this matter without any further foundational testimony.

**RESPONSE:**   **Deny for reason admissibility is determined by the Rules of Evidence, not Requests to Admit. Defendant reserves the right to object if the Rules of Evidence are not complied with; Item 80 also contains material not described in this Request for Admission.**

284.   Admit that David Disler contacted "Kathy" at the police station or 911 dispatch on June 10, 2010, to report "I've got a guy yelling at me."

**RESPONSE: Admit David Disler made a telephone call on 6/10/2010 to seek help to get plaintiff to leave his office. Neither admit nor deny whether David Disler contacted a "Kathy" at the police station or the 9-1-1 dispatch; after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny that statement.**

285.   Admit that Randy Ritchie was not "yelling" at David Disler as he (Disler) had stated on June 10, 2010.

**RESPONSE:**   **Deny; on 6/10/2010, plaintiff repeatedly challenged and tried to debate Mr. Disler, calling him a coward in a manner and tone that can be perceived as a raised voice.**

286.   Admit that on 6/11/2010 David Disler responded "No" to Corporal Miller's question "Do you want him (Mr. Ritchie) here (administrative service center building) or not, Mr. Disler?"

**RESPONSE:** Admit, upon information and belief, Mr. Disler answered "no" to Officer Miller's question asking him if he wanted plaintiff to be on the property at that point in time on 6/11/2010 after the administration service center building had closed.

287. Admit that David Disler heard Corporal Miller tell Randal Ritchie that he must "leave now and do not return to this property, never, you will be arrested for trespass."

**RESPONSE:** Admit in part, upon information and belief, and neither admit nor deny in part. Mr. Disler heard Cpl. Miller issue an order telling plaintiff to leave the property because plaintiff refused to leave after Officer Miller said he could leave and repeatedly told him to leave. After reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny the remainder of this Request for Admission because Mr. Disler does not recall the exact words Cpl. Miller used and the recording plaintiff offered does not support the quote in this Request for Admission.

288. Admit that Tina Kerr is not a member of the board.

**RESPONSE:** Admit.

289. Admit that Tina Kerr has no supervisory authority over the board and its members.

**RESPONSE:** Admit.

290. Admit that Jacqui Lyon contacted 911 dispatch on 9/27/10 from Coldwater School stating, "Randal Ritchie is here in our board room with his wife and there is a warrant out for him for trespassing on school property."

**RESPONSE:** **Admit Jacqui Lyon made a call to Central Dispatch on 9/27/2010 and provided information she believed to be true, including that plaintiff and his wife were in the Coldwater Community School board room and a warrant was issued.**

291. Admit that Tina Kerr was aware of Randal Ritchie's "bonding out" on 9/27/10 after speaking with 911 dispatch and before speaking with Officer Thornton.

**RESPONSE:** **Admit Dr. Kerr received information that he had responded to an arrest warrant in a 9/27/2010 telephone call with a 911 operator; neither admit nor deny the truth of the information she received, defendant has made reasonable inquiry, but information defendant knows or can readily obtain does not enable defendant to admit or deny that plaintiff bonded out.**

292. Admit that Tina Kerr inaccurately stated to 911 dispatch that "we have a no trespassing on him".

**RESPONSE:** **Deny Dr. Kerr made a statement to 9-1-1 dispatch that she did not believe was accurate; deny the said statement was inaccurate on 9/27/2010.**

293. Admit that Tina Kerr stated on 9/27/10 to Officer Thornton that "he (Mr. Ritchie) is going to make a scene during public comment because that is what him MO is."

**RESPONSE:** **Admit Tina Kerr said words to that effect because plaintiff had made scenes, including meetings in August 2010, on the first day of school in September 2010, in the office of Mr. Disler, and in a Coldwater Community home.**

294. Admit that Tina Kerr stated on 9/27/10 that she would "rather have a judge tell [her] he needs to be there versus him continuously making a spectacle of himself and the district."

**RESPONSE:** **Admit Dr. Kerr said words of similar effect because she believed plaintiff presented a real danger for the physical safety of persons attending school board meetings, and she had to do what she could reasonably do to remove that danger unless a judge told her she was powerless to do so.**

295. Admit that Tina Kerr stated on 9/27/10 "I need him (Mr. Ritchie) to quit."

**RESPONSE:** **Admit Tina Kerr said words of that effect because she needed plaintiff to "quit threatening" the school district and people in it.**

296. Admit that Randal Ritchie did not breach the peace at the Coldwater Community School Board Meeting 9/27/10.

**RESPONSE:** **Deny; his history of aggressiveness towards the school and/or school personnel caused safety concerns; his refusal to comply with a police order to walk down a hall so Officer Thornton could speak with him away from the meeting room and plaintiff's arguments and raised voice level in reaction to that request breached the peace.**

297. Admit that Randal Ritchie did not breach the peace at the Coldwater Community School Board Meeting 10/25/10.

**RESPONSE:** **Deny; his history of aggressiveness towards the school and/or school personnel caused safety concerns; plaintiff's repeated refusals to comply with the police order to leave his seat to speak with the police officer outside the meeting room and plaintiff's arguments and raised voice level in reaction to that request breached the peace.**

298. Admit that Robin Iveson influenced the decision to have Randy Ritchie removed from the school board meetings on:

a.      9/27/10 and

RESPONSE: Deny for reason she did not do so

b.      10/25/10

RESPONSE: Deny for reason she did not do so.

299. Admit that Doug Bower stated that Mrs. Renner's emotional state is "collateral damage."

RESPONSE:   Admit, in the context of a broader conversation, and upon information and belief, Doug Bower used this phrase to try to make plaintiff comprehend that plaintiff's behavior and rush to judgment hurt people and had hurt Ms. Renner.

300. Admit that Robin Iveson told Randy Ritchie that she was following the direction of the Coldwater police when Randy Ritchie was removed from the school board meeting on 10/25/10.

RESPONSE: Admit Robin Iveson said these or similar words in a situation where plaintiff was openly, boldly and loudly defying a police officer's requests and orders to speak with him outside the school board meeting room and where plaintiff was disturbing the peace in the meeting room.   Robin Iveson's words indicated she was trying to obey the law and police authorities.

301. Admit that Robin Iveson interrupted Randy Ritchie during his public comment at a school board meeting on 5/24/2010.

RESPONSE: Admit that on 5/24/2010 Robin Iveson told plaintiff complaints he had made involved a teacher who had requested application of § 8(a) of the Open Meetings Act.  President Iveson advised plaintiff arrangements will be made to

allow him to speak further at an executive session of the Coldwater Community School Board, as the Open Meetings Act allowed under § 8(a).

    a.    Admit that her interruption was in violation of the Open Meetings Act

**RESPONSE:**  **Deny; § 8(a) of the Open Meetings Act supports her conduct, plaintiff spoke over two periods of time that totaled more than 5 minutes and, when he stopped speaking, he did not say he had anything more to say.**

    b.    Admit that going into closed session because a dissenter is expressing his viewpoints (regardless of whether an employee is named) is against the Open Meetings Act and the First Amendment.

**RESPONSE:  Neither admit nor deny for reason Request for Admission #301(b) is not comprehensible; it is compound, overly broad, fails to describe the subject matter of the hypothetical viewpoints and fails to conform to the scope of a Request for Admission under FRCP Rule 36.**

    302.    Admit that the school board meeting is a limited public forum.

**RESPONSE: Admit.**

    303.    Admit that David Disler interrupted Randy Ritchie during his public comment at a school board meeting on 5/24/2010.

**RESPONSE:  Admit David Disler advised plaintiff to "say" what he had to say because plaintiff was playing a recording that was inaudible and violated Michigan Law.**

    a.    Admit that his interruption was in violation of the Open Meetings Act.

**RESPONSE:  Deny; David Disler advised plaintiff to "say" what he had to say because plaintiff was playing a recording that was inaudible and violated**

**Michigan Law.** Plaintiff presented his viewpoint and the content of his complaints.

304. Admit that Dale Sims, on or about April 26, 2010, verbally acknowledged that Mrs. Renner denied a student a lunch during a field trip, after initiating conversation with Randal Ritchie about that matter.

**RESPONSE:** Admit in part, upon information and belief, and deny in part. Plaintiff asked Dale Sims to make a statement concerning Ms. Renner and a student; however, that student was not denied a lunch and was eating a lunch when plaintiff approached the student.

305. Admit that Doug Bower contacted Dale Sims regarding the conversation with Randal Ritchie regarding the field trip.

**RESPONSE:** Admit, upon information and belief, Doug Bower spoke with Dale Sims after Mr. Bower received information a man, who introduced himself as Mr. Ritchie, approached a parapro and a student during a field trip and began asking them questions.

306. Admit that David Disler wanted Randal Ritchie to make his report of the hair pulling incident to the school first.

**RESPONSE:** Deny. David Disler accepted plaintiff's election to have a police investigator make the investigation. By reporting the incident to the police first, a trained expert investigator assessed whether the alleged incident did or did not occur. The investigator determined the evidence did not show the incident occurred and concluded the charge was "unfounded."

307. Admit that David Disler called Randal Ritchie "despicable" on or before April 28, 2010.

**RESPONSE: Admit, upon information and belief, in part and deny in part. Admit, upon information and belief, such a reference may have occurred because of the manner plaintiff treated Ms. Renner. Deny David Disler called plaintiff "despicable" in public, to plaintiff or to anyone other than Doug Bower in a private conversation with Doug Bower. David Disler apologized to plaintiff and told him he did not think he was "despicable." Plaintiff is responsible for any other use of the word in reference to himself.**

308. Admit that David Disler called Randal Ritchie "very polite", "intelligent", and "reasonable" on or about April 28, 2010.

**RESPONSE: Admit, upon information and belief, David Disler said words of this effect as he tried to encourage plaintiff to act reasonably to resolve his complaint in a manner that served everyone's best interests.**

309. Admit that David Disler acknowledged that on or about April 28, 2010, that Randal Ritchie was a concerned parent.

**RESPONSE: Admit, upon information and belief, David Disler said words of this effect as he tried to encourage plaintiff to act reasonably to resolve his complaint in a manner that served everyone's best interests.**

310. Admit that David Disler had a loaded shotgun shell in his office in May of 2010.

**RESPONSE: Admit, upon information and belief, that in May 2010 David Disler had a shot gun shell in his office that he accidentally transported from his home.**

311. Admit that David Disler did not have a loaded shotgun shell in his office in May of 2010.

**RESPONSE: Neither admit nor deny; after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny what part of May of 2010 a shell was in his office.**

312. Admit that David Disler interrupted Randal Ritchie during public comment at the Coldwater School Board meeting on May 24, 2010.

**RESPONSE: Admit David Disler told plaintiff to "say" what he had to say because plaintiff was playing a recording that was inaudible and appeared to violate Michigan Law.**

313. Admit that under the Open Meetings Act, a majority vote is required to go into a closed session.

**RESPONSE: Neither admit nor deny. This Request for Admission exceeds the scope of FRCP 36 and the Open Meetings Act is a complex statute, subject to interpretation on requirements for closed sessions.**

314. Admit that the Coldwater Community School Board failed to take a majority vote whether to go into closed session in regards to Randal Ritchie's complaint during the Coldwater School Board meeting on May 24, 2010.

**RESPONSE: Deny the Coldwater Community School Board failed to take a required vote to go into closed session. The closed session to hear plaintiff was scheduled for 6/14/2010. A roll call vote was taken and passed, unanimously, to go into executive session to hear information plaintiff wished to present.**

315.  Admit that Robin Iveson interrupted Randal Ritchie during public comment at the Coldwater School Board meeting on May 24, 2010.

**RESPONSE:** **Admit on 5/24/2010 Robin Iveson, to comply with her understanding of the Open Meetings Act, advised plaintiff arrangements will be made to allow him to speak further at an executive session of the Coldwater Community School Board. Plaintiff spoke over two periods of time that totaled more than 5 minutes and, when he stopped speaking, he did not say he anything more to say.**

316.  Admit that Robin Iveson interrupted Nisha Ritchie during public comment at the Coldwater School Board meeting on May 24, 2010.

**RESPONSE:** **Admit on 5/24/2010 Robin Iveson, to comply with her understanding of the Open Meetings Act, advised Nisha Ritchie arrangements will be made to allow her to speak further at an executive session of the School Board.**

317.  Admit that David Disler initially told Randal Ritchie that he must attend the special meeting "alone".

**RESPONSE:** **Admit David Disler sent plaintiff and his wife letters that said they could speak at an executive session of the Coldwater Community School Board on June 14, 2010; the letters, among other things, said his appearance will be alone; however, even plaintiff knew or should have known he did not have to appear alone; his wife was also invited to appear. David Disler also told plaintiff he could bring an attorney to the meeting.**

318.  Admit that David Disler later recanted his stance, and told Randal Ritchie that he may bring a "legal attorney" to the special meeting.

**RESPONSE:** **Admit David Disler told plaintiff he may bring a "legal attorney" to the executive meeting; deny doing so was a recanting of Mr. Disler's stance.**

319. Admit that David Disler stated that the rules regarding who may attend the special meeting were "our rules" and that "[he] establish[ed] the rules".

**RESPONSE:** **Admit in part and deny in part. Mr. Disler said the Board had rules. Mr. Disler said the decision to decide who to invite to the special meeting was based on an assessment of who, in the May 24, 2010 board meeting records, indicated they might have anything more to say.**

320. Admit that David Disler stated "you misinterpreted what the hell I said, you have a habit of doing that."

**RESPONSE:** **Admit David Disler made a statement of similar effect in the context of a broader conversation in which plaintiff was rude, disrespectful, and repeatedly refused to stop challenging Mr. Disler to debate and answer questions.**

321. Admit that David Disler stated "Get out. I'll call 911."

**RESPONSE:** **Admit David Disler made a statement of similar effect in the context of a broader conversation in which plaintiff was rude, disrespectful, called Mr. Disler a coward and would not stop demanding Mr. Disler answer more questions.**

322. Admit that Randal Ritchie was not yelling at David Disler on June 10, 2010.

**RESPONSE:** **Deny for reason that during the time plaintiff refused to stop demanding David Disler answer more questions and plaintiff called David Disler a**

"coward" for not doing so, plaintiff raised his voice level, and subjectively, his behavior could reasonably be considered yelling.

323. Admit that the Coldwater Community School Board would routinely defer to the superintendent at school board meetings if serious issues became present during a school board meeting.

**RESPONSE:** **Admit in part, and neither admit nor deny in part. Admit the School Board received information from the Superintendent at meetings to better understand issues. Neither admit nor deny the remainder of this Request for Admission for reason it does not describe plaintiff's intended meaning for the words "routinely," "defer" and "serious" and does not describe what plaintiff wanted defendant to consider deferred in this Request for Admission.**

324. Admit that during Robin Iveson's tenure as School Board President, she would frequently fail or refuse to rule superintendents or any other board members as being out of order if he or she spoke out of turn, or interrupted the meetings of such board.

**RESPONSE:** **Admit in part and neither admit nor deny in part. Robin Iveson had discretion to refrain from calling persons out of order when it was not necessary to do so to comply with law and to allow the meeting to progress efficiently and in an orderly fashion. Neither admit nor deny the remainder of this Request for Admission because it does not adequately describe the word "frequently" or what plaintiff means by speaking out of turn or interrupted the meetings.**

325. Admit that the Coldwater Community School Board had an unwritten policy of stopping a speaker during public comment if the speaker made a negative comment about a teacher or staff member and mentioned that person by name.

**RESPONSE: Admit in part and deny in part. Coldwater Community School Board asked speakers to be courteous when speaking about other persons. The Board allowed speakers to present negative comments concerning teachers and staff members as plaintiff, plaintiff's wife, and other members of the community did on May 24, 2010, and plaintiff did in later meetings. Plaintiff did name persons he made negative comments about when he spoke on May 24, 2010, June 14, 2010 and August 23, 2010 meetings.**

326. Admit that, based upon Mr. Disler's statement to the Cpl Miller, Mr. Disler did not want Ritchie to attend the school board meeting on July 17, 2010.

**RESPONSE: Deny; Cpl. Miller's question to Mr. Disler on June 11, 2010 and Mr. Disler's response to it did not address whether Mr. Disler did or did not want plaintiff to attend a school board meeting.**

327. Admit that the school board frequently deferred to the superintendent as to who would be allowed to attend school board meetings.

**RESPONSE: Neither admit nor deny for reason this Request for Admission does not describe what plaintiff means by "frequently," nor does it indicate what period of time plaintiff wanted defendant to consider.**

328. Admit that the Coldwater Community Schools frequently deferred to the superintendent as to who could attend and who could not attend activities on school property, including school board meetings.

**RESPONSE:** Admit the responsibilities of the Superintendent include protecting the safety of persons and the educational processes on school property. Neither admit nor deny the remainder of this Request for Admission for reason it does not describe what plaintiff means by "frequently" not does it indicate what period of time plaintiff wanted defendant to consider.

329. Admit that Mr. Disler informed the Coldwater Community School Board of the threat of arrest made by the Corporal Miller against Mr. Ritchie and the impact it would have on Mr. Ritchie's being able to attend the July 12, 2010 school board meeting.

**RESPONSE:** Admit in part, in a broader context, and upon information and belief, and deny in part. Mr. Disler issued a memorandum to the Board that said on June 11, 2010 a patrol officer warned plaintiff he would be arrested if he came onto administration office property. The memo did not give the Board reason to understand plaintiff's behavior, that prompted the police order, created a duty in the Coldwater Community School Board or Mr. Disler to intercede in police affairs or the order. Plaintiff did not give Mr. Disler or the school board reason to believe he wanted to attend the July 12, 2010 meeting or any act or omission by them violated his right to attend the July meeting.

330. Admit that the Coldwater community School Board failed to act in regards to Mr. Disler informing them of the CPD officer's threat of arrest against Mr. Ritchie if he entered the School Administration building.

**RESPONSE:** Deny; the Coldwater Community School Board did not fail to act in response to any duty. Mr. Disler issued a memorandum to the Board that said on

June 11, 2010 a patrol officer warned plaintiff he would be arrested if he came onto administration office property. The memo did not give the Board reason to understand the reason the officer issued an order created a duty in the Coldwater Community School Board or Mr. Disler to intercede in police affairs or the order. Plaintiff did not give Mr. Disler or the school board reason to believe he wanted to attend the July 12, 2010 meeting or any act or omission by them violated a right to attend the July meeting.

331.   Admit that Tina Kerr did not give any information to the police officers on September 27, 2010 that suggested Mr. Ritchie was an immediate threat to any person or persons at that meeting.

**RESPONSE:  Deny; she told them his activities on opening day had made parents nervous.**

332.   Admit that at the September 27, 2010 Coldwater Community School Board meeting, Mr. Ritchie did not threaten any person, nor did he make any aggressive gestures toward any person.

**RESPONSE:   Deny.    Plaintiff's history of aggression toward the Coldwater Community School Administration, his statement about shooting a person or teacher who harmed a student, his belief some school staff were dangerous (even after police investigations found his charges against them were unfounded), his intimidating behavior and unmet demands concerning school staff and administrators revealed he threatened the physical safety of persons attending a school board meeting when he was present.**

333. Admit that Mr. Ritchie had not created any disruption or disturbance at the September 27, 2010 school board meeting, while that meeting was in session.

**RESPONSE: Deny; plaintiff's history of aggressiveness towards the school and/or school personnel caused safety concerns; his argument with Officer Thornton and his refusal to comply with Officer Thornton's instruction to walk down the hall to talk, disturbed the school board meeting, even if the meeting was in brief recess.**

334. Admit that Tina. Kerr did not give any information to the police officers on October 25, 2010 that suggested Mr. Ritchie was an immediate threat to any person or persons at that meeting.

**RESPONSE: Deny for reason Dr. Kerr's only reason for wanting plaintiff to leave was her sincere belief he was an immediate threat and would react violently at a School Board meeting and physically injure someone. Officer Thornton said she was concerned about plaintiff's behavior.**

335. Admit that at the October 25, 2010 Coldwater Community School Board meeting, Mr. Ritchie did not threaten any person, nor did he make any aggressive gestures toward any person.

**RESPONSE: Deny; Plaintiff's aggressive and intimidating behavior and unmet demands created a threat to the physical safety of persons attending a school board meeting when he was present.**

336. Admit that Mr. Ritchie had not created any disruption or disturbance at the October 25, 2010 Coldwater Community School Board meeting while that meeting was in session.

**RESPONSE:** Deny; plaintiff's history of aggressiveness towards the school and/or school personnel caused safety concerns; plaintiff disrupted the meeting when he demanded the Board take a vote even to take a brief recess. Plaintiff disrupted the meeting and delayed the ability of the Board to begin the next phase of the meeting when he argued with Officer Thornton and refused to comply with Officer Thornton's orders to speak where they would not disturb the meeting. His refusal to comply with a police order and his demand that Officer Thornton arrest Dr. Kerr disturbed the meeting..

337. Admit that Robin Iveson, prior to May 24, 2010, was given a copy of the Open Meetings Act as well as the MASB's 10th Edition Open Meetings Guide.

**RESPONSE:** Neither admit nor deny; after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny Request for Admission 337.

338. Admit that prior to May 24, 2010, Robin Iveson had an opportunity to read and review the MASB's 10th Edition Open Meetings Guide.

**RESPONSE:** Neither admit nor deny; after reasonable inquiry, the information defendant knows or can readily obtain does not enable defendant to admit or deny Request for Admission 338.

339. Admit that prior to May 24, 2010, Robin Iveson, pursuant to review of the MASB's 10th Edition Open Meetings Guide, knew the requirements of the Open Meetings Act.

**RESPONSE:** Neither admit nor deny for reason it is overly broad, vague and does not describe what requirements or sections of the Open Meetings Act to which this Request for Admission referred.

Dated: September 25th, 2012

Superintendent Tina Kerr

Subscribed and sworn to before me this 25th day of September, 2012.

EVELYN A. GRIMES, NOTARY PUBLIC
STATE OF MICHIGAN, BRANCH COUNTY
MY COMMISSION EXPIRES 01/06/2013

ACTING IN Branch COUNTY

Notary Public, Branch County, MI
My Commission Expires: January 6, 2013
Acting in Branch County, MI

KLUCZYNSKI, GIRTZ & VOGELZANG
Attorneys for Defendants

Dated: October 11, 2012

By
William Vogelzang (P29231)
Duncan A. McMillan (P29136)
Mark T. Ostrowski (P49761)
Business Address and Telephone:
648 Monroe Avenue, NW, Suite 400
Grand Rapids, MI 49503
616-459-0556