UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

RANDAL RITCHIE,

    Plaintiff,

v

COLDWATER COMMUNITY SCHOOLS, et al,

    Defendants.

AND

RANDAL RITCHIE,

    Plaintiff,

v

CITY OF COLDWATER MICHIGAN, et al,

    Defendants.

Case No. 1:11-cv-530

Honorable: Gordon J. Quist

**DEFENDANTS' MOTION REGARDING PRESENTATION OF INFORMATION TO THE COURT UNDER SEAL FOR A DETERMINATION OF PLAINTIFF'S CLAIM OF PRIVILEGE PURSUANT TO FRCP 26(a)(5)(B)**

Case No. 1:11-cv-616

Honorable Gordon J. Quist

_____

Case No. 1:11-cv-530
Terry E. Heiss (P36687)
ADA LEGAL GROUP
Attorneys for Plaintiff
6440 Fulton Street East, #201
Ada, MI  49301
(616) 676-3850

Case No. 1:11-cv-530
William Vogelzang, Jr. (P29231)
Duncan A. McMillan (P29136)
Mark T. Ostrowski (P49761)
KLUCZYNSKI, GIRTZ & VOGELZANG
Attorneys for Defendants Coldwater Comm. Schools, Coldwater School Board and Board Member Iveson, Superintendent Kerr and Disler
648 Monroe Avenue, NW, Suite 400
Grand Rapids, MI  49503
(616) 459-0556

Case No. 1:11-cv-616
Richard H. Winslow (P22449)
Attorney for Plaintiff
430 Walden Drive
Otsego, MI 49078
(269) 986-4831

Case No. 1:11-cv-616
Michael S. Bogren (P34835)
PLUNKETT COONEY
Attorneys for Defendants
950 Trade Centre Way, Suite 310
Kalamazoo, MI  49002
(269) 226-8822

_____

**DEFENDANTS' MOTION REGARDING PRESENTATION OF INFORMATION TO THE COURT UNDER SEAL FOR A DETERMINATION OF PLAINTIFF'S CLAIM OF PRIVILEGE PURSUANT TO FRCP 26(a)(5)(B)**

NOW COME the Defendants, Coldwater Community Schools, Coldwater Community School Board, School Board Member Robin Iveson, Superintendent of Schools Tina Kerr and David Disler, by and through their attorneys, Kluczynski, Girtz & Vogelzang, and hereby submit the attached information pursuant to FRCP 26(a)(5)(B) to the Court under seal for a determination as to whether Plaintiff's assertion of his doctor/psychotherapist-patient privilege has been waived.  In support of their Motion defendants state as follows:

1. Plaintiff filed this claim alleging violations of his First Amendment right to free speech and violation of the Michigan Open Meetings Act.  He is seeking emotional distress damages arising out of, among other things, being arrested on two occasions at Coldwater Community School Board meetings.  He is not claiming any economic loss.  Defendants contend, among other defenses, that plaintiff's behavior was erratic, intimidating and threatening, such that they had an objectively reasonable basis to be concerned about the safety of students, staff and members of the public attending Coldwater School Board meetings.

2. Defendants submitted Requests for Production of medical records relating to plaintiff's mental/physical condition and treatment.  Plaintiff refused to make those records available asserting the physician-patient privilege.  During his deposition, plaintiff was asked questions regarding his disability claims, mental condition and treatment.  He refused to answer and his attorneys again asserted the physician-patient privilege.  The assertion of the privilege during the deposition was made in the context

of plaintiff being questioned about his Social Security Disability claim which was still pending at that time and included a claim for mental disability.

3. Defendants recently learned the plaintiff has filed an appeal of the denial of his Social Security Disability benefits which was pending before the Honorable Janet T. Neff and assigned Case No. 1:11-cv-855-JTN. As part of that action, plaintiff submitted a large number of medical and psychological counseling records. These records are intertwined in the Court's PACER system and available for review in the case file. The records were not submitted under seal and plaintiff made no other attempt to maintain confidentiality.

4. Defendants submit that any privilege was irrevocably waived by submission and use of the records without attempting to maintain their confidentiality. Plaintiff has also waived any privilege by seeking emotional distress damages and placing his mental/psychological condition at issue in the present case. The records are relevant both to the issue of damages and as evidence showing defendants' concerns about the safety of students, staff and members of the public attending Coldwater School Board meetings were objectively reasonable.

5. Defendants' Motion is supported by the accompanying Brief and exhibits.

6. Additional depositions in this case are scheduled for November 5, 2012. Defendants would respectfully request that the Court make a determination prior to that date so that in the event the Court finds the privilege has been waived, the pertinent documents may be used at those depositions.

WHEREFORE, Defendants request that this Court review the attached medical records *in camera* and find that plaintiff has waived the psychotherapist-patient privilege

3

by submitting these documents in prior litigation without an attempt to maintain confidentiality and by seeking emotional distress damages.

                                              KLUCZYNSKI, GIRTZ & VOGELZANG
                                              Attorneys for Defendants

Dated: October 16, 2012          By: /s/ Mark T. Ostrowski

                                              William Vogelzang, Jr. (P29231)
                                              Duncan A. McMillan (P2913)
                                              Mark T. Ostrowski (P49761)
                                            Business Address:
                                                648 Monroe Avenue, NW, Suite 400
                                                Grand Rapids, MI 49503
                                                (616) 459-0556